## 30932. STATE OF GEORGIA v. CALLAWAY.

UNDERCOFLER, Presiding Justice.

This appeal is from the finding of the trial court that the habitual violator statute (Code §§ 92A-455 through 92A-463; Ga. L. 1972, p. 1086, as amended, and now repealed by Ga. L. 1975, pp. 1008, 1044) is unconstitutional as applied to the appellee under the due process and equal protection provisions of the State and Federal Constitutions (Code Ann. §§ 2-302, 1-815) because it provides for the termination of drivers' licenses for an act or acts occurring prior to the effective date of such statute. *Held:*

1. In *Fowler v. State,* 235 Ga. 535 (221 SE2d 9) (1975) and *Johnston v. State,* 236 Ga. 370, the habitual violator statute was attacked as being ex post facto. In holding against this attack in *Fowler v. State,* supra, this court said that the statute is directed at habitual violators and simply imposes a heavier penalty upon them.

In *Johnston v. State,* supra, this court held that the right to operate a motor vehicle upon the public highways of this state is a qualified right which can be exercised by obtaining a license from the state. *Johnston* also held that the proceeding under the habitual violator statute was not a criminal proceeding but its sole purpose was designed to determine if the past record of a motor vehicle driver is such that he has become a menace on the highways and is an habitual violator.

The trial court held that the habitual violator statute was unconstitutional because it was retroactive in its application to the appellee since it allowed acts occurring prior to its effective date to be considered. "The general rule throughout the United States is that a state legislature may constitutionally repeal, alter, or modify state laws enacted under the police power for the protection of the public, without violating any express or implied constitutional prohibition against retroactive statutes. And the more especially is this true where no vested rights are thereby disturbed." *Bullard v. Holman,* 184 Ga. 788 (2) (193 SE 586) (1937); *Fortson v. Weeks,* 232 Ga. 472 (7) (208 SE2d 68) (1974); *Hughes v. State Bd. of Med. Examiners,* 162 Ga. 246, 257 (134 SE 42) (1926).

The appellee contends, however, that he has a property right in his driver's license under Bell v. Burson, 402 U. S. 535, 539 (91 SC 1586, 29 LE2d 90) (1970). That case held: "Once licenses are issued, as in petitioner's case, their continued possession may become essential in the pursuit of a livelihood. Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment. [Cits.] This is but an application of the general proposition that relevant constitutional restraints limit state power to terminate an entitlement whether the entitlement is denominated a 'right' or a 'privilege.' " Bell v. Burson merely holds that procedural due process is required before a driver's license can be revoked.

Since appellee has only a qualified right and not a vested right in his driver's license, the habitual violator statute does not violate the prohibition against passage of retroactive statutes. Furthermore, it does not deny appellee due process of law under the State and Federal Constitutions. 7 AmJur2d 677, § 112; 16 AmJur2d 757, § 418.

2. The statute does not deny equal protection of the laws because it provides for offenses prior to the passage of the statute to be considered.

"It is well established law by decisions of this court that the equal protection clause of the Constitution allows classification by legislation when and only when the basis of such classification bears a direct and real relation to the object or purpose of the legislation, and when thus classified, uniformity upon all those coming within the class satisfies the Constitution. [Cits.] 'A statutory discrimination will not be set aside as the denial of equal protection of the laws if any state of facts reasonably may be conceived to justify it.' [Cits.]" *C. & S. Nat. Bank v. Mann,* 234 Ga. 884 (2) (218 SE2d 593) (1975).

The sole purpose of the habitual violator statute is to determine if the past record of a motor vehicle driver is such that he has become a menace on the highways and is an habitual violator. *Johnston v. State,* supra. This purpose is a rational basis for allowing the past record of

an habitual violator to be used. The statute affects alike all persons similarly situated, and therefore does not deprive anyone of the equal protection of the laws. McDonald v. Massachusetts, 180 U. S. 311 (1900). *Hughes v. State Bd. of Med. Examiners,* 162 Ga. 246, supra.

3. Callaway's motion to dismiss was improperly granted by the trial court.

*Judgment reversed. All the Justices concur.*

ARGUED MARCH 15, 1976 — DECIDED APRIL 6, 1976.

*William H. Ison, District Attorney, Clarence L. Leathers, Jr., Assistant District Attorney,* for appellant.

*Joseph Salem,* for appellee.

