## 52039. WILLIAMS v. THE STATE.

Bell, Chief Judge.

A hearing was held as required by Code Ann. § 92A-459 to determine whether or not the appellant was a "habitual violator" of the traffic laws of Georgia as that term is defined by Code Ann. § 92A-457 (9). The state introduced certified copies of 26 moving traffic violations and evidence of six suspensions of appellant's driver's license. The trial judge found against appellant and issued an order prohibiting appellant's operation of a motor vehicle on the highways or streets of Georgia for five years. Appeal initially followed to the Supreme Court because enumerations of error 1 and 2 were of constitutional dimensions. However, the decision of that court in *Fowler v. State*, 235 Ga. 535 (221 SE2d 9) mooted those constitutional issues and appellant moved to transfer the appeal to this court. The motion was granted. *Held:*

1. Appellant urges that the court erred in allowing into evidence state's exhibits 1 through 24 on the grounds they were not properly certified and authenticated as required by Code § 38-601. The latter provides: "The certificate or attestation of any public officer, either of this State of any county thereof, shall give sufficient validity or authenticity to any copy or transcript of any record, document, paper of file, or other matter or thing in their respective offices, or pertaining thereto, to admit the same in evidence." All exhibits here were certified by the Commissioner of the Department of Public Safety who is a public officer of this state. Code Ann. § 40-35164. The exhibits were properly authenticated and they were admissible.

2. Appellant complains of the court's considering five convictions which had previously been used to suspend appellant's driver's license for one year. That, he argues, placed the defendant twice in jeopardy for the same offense. This suspension action was taken under authority of Code Ann. § 92A-445 which specifically places a mandatory requirement on the Commissioner of Public Safety to suspend the driver's license for not more than one year of any person who accumulated a violation

point count of 15 or more points in any consecutive 24 month period. The constitutional concept of former jeopardy which prohibits the imposition of criminal punishment twice for the same offense has a strict application to criminal prosecutions only. *Cushway v. State Bar of Ga.,* 120 Ga. App. 371 (170 SE2d 732). A matter is criminal only if imprisonment or the imposition of a fine or both may follow a conviction. *State of Ga. v. Steele,* 112 Ga. 39, 42 (37 SE 174); *Cushway v. State Bar of Ga.,* supra. The mandatory suspension of a driver's license imposed under the violation point system cannot be classified as a criminal punishment resulting from a criminal prosecution. It is accomplished administratively by a designated public officer. In short, there is a complete absence of any judicial action and no attribute of a criminal case. The current proceeding is not a criminal prosecution.

3. After the state had rested its case, appellant orally moved for a jury trial which was denied. Appellant argues that since he was on trial for a criminal offense he was entitled to a jury trial. In support of this contention he cites the following provisions of the Georgia Constitution: "Every person charged with an offense against the laws of this State. . . shall have a public and speedy trial by an impartial jury." and "The right of trial by jury, except where it is otherwise provided in this Constitution, shall remain inviolate, . . ." Code Ann. §§ 2-105, and 2-5101.

Appellant had no right to a jury trial for two reasons. One, the statute under which this proceeding was conducted expressly does not confer the right to trial by jury. Ga. L. 1972, pp. 1086, 1091 (Code Ann. § 92A-455 et seq.). The provision of the Constitution that the right to trial by jury shall remain inviolate, unless extended by statute, applies only to actions proceeding according to the course of the common law and not to special proceeding of a summary character. *Gaston v. Shunk Plow Co.,* 161 Ga. 287, 299 (130 SE 580). The statutory intent here is a special summary proceeding designed to regulate the privilege of motor vehicle operation. The statute provides that when a person meets the defined criteria of being an habitual violator of traffic laws as shown by the records of the Department of Public Safety,

the district attorney files an information in an appropriate court of record. Code Ann. § 92A-458. The trial court then enters an order directing the individual concerned to "show cause" why he should not be barred from operating a motor vehicle in Georgia. Code Ann. § 92A-459. A hearing is conducted in which the "court" finds whether the person involved is an habitual violator and if the "court" does so find, it directs the individual not to operate a motor vehicle on the Georgia public highways. Code Ann. § 92A-460. Secondly, appellant was not charged with an "offense" against the laws of this state. Nowhere does this Act declare any conduct to be criminal nor does it provide for a criminal penalty. Again, there is not a single attribute of a criminal prosecution present. The only sanction authorized is the revocation of the privilege to operate a motor vehicle. The revocation of a privilege is not a criminal punishment. *Cushway v. State Bar of Ga.*, supra. Neither the loose language used in the statute, that the court ". . . shall find such person guilty. . ." (Code Ann. § 92A-460); that ". . . such person may petition the court in which he was convicted of being 'an habitual violator'. . . to have his privilege to operate a motor vehicle restored. . . " (Code Ann. § 92A-462); nor that used by the Supreme Court in *Fowler v. State,* supra, authorizes a holding that this is a criminal offense or prosecution. The plain wording of the Act clearly shows that it is not. Appellant was not entitled to a jury trial.

*Judgment affirmed. Clark and Stolz, JJ., concur.*

SUBMITTED APRIL 5, 1976 — DECIDED MAY 17, 1976.

*Glenn Zell, Jim Jenkins,* for appellant.
*Richard Bell, District Attorney, Alton G. Hartley, Assistant District Attorney,* for appellee.