### 33488. CAMP v. DEPARTMENT OF PUBLIC SAFETY.

BOWLES, Justice.

Appellant was declared to be a habitual violator of the traffic laws of the State of Georgia in accordance with Code Ann. § 68B-308, as a result of receiving three or more convictions of driving under the influence of alcohol within a five-year period. His license was revoked for a period of not less than five years.

Appellant was afforded a hearing by the department on the revocation. He appealed an adverse ruling from the department to the Fulton County Superior Court. In his brief to the superior court, appellant argued. that the revocation of his license was unlawful because his case was not afforded consideration by the Driver's License Medical Advisory Board as provided for in Code Ann. §§ 68B-216 and 68B-217.

Before the ruling was handed down in this appeal, the department withdrew the revocation of appellant's license and issued a new notice of revocation. A second hearing was held, at which time appellant presented a letter from the Driver's License Medical Advisory Board acknowledging his physical and mental fitness to drive. The department again revoked his license and appellant docketed a second appeal in Fulton County Superior Court.

In deciding the issues raised in both appeals, the trial judge found appellant's claim to be without merit. We affirm.

Appellant contends that Code Ann. § 68B-216 (c)

permits the Department of Public Safety to refer relevant medical information to a board of professionals, who in turn would issue an opinion regarding the issuance of a new license to appellant. The department's refusal to apply Code Ann. § 68B-216 (c) in his case, appellant argues, denies him due process and equal protection by applying the section to some diseases but not to the disease of alcoholism.

As the trial court found, the action of the department in revoking appellant's license was not based on a determination that appellant was an alcoholic, but was based on his repeated convictions of driving while under the influence of alcohol. Code Ann. § 68B-216 (c) applies only in cases where the driver's medical condition itself forms the basis for refusal to issue or reissue a license.

As we held in *State v. Callaway,* 236 Ga. 613 (225 SE2d 230): "The sole purpose of the habitual violator statute is to determine if the past record of a motor vehicle driver is such that he has become a menace on the highways and is an habitual violator. *Johnston v. State* [236 Ga. 370 (223 SE2d 808) (1976)]." The statute affects alike all persons similarly stituated and is not violative of the equal protection clauses of the State or Federal Constitution for the reasons asserted by appellant.

*Judgment affirmed. All the Justices concur, except Hall, J., who concurs in the judgment only.*

ARGUED MAY 8, 1978 — DECIDED JUNE 27, 1978.

*Robert F. Coheleach,* for appellant.
*Arthur K. Bolton, Attorney General, Isaac Byrd, Assistant Attorney General,* for appellee.