35913. KEENAN v. HARDISON.

BOWLES, Justice.
This case involves a constitutional challenge to Code Ann. §§ 68C-401 and 68C-402.

Appellant Anthony L. Keenan was involved in an automobile accident on April 14, 1973, in which Robert K. Buchanan was killed. Appellant pleaded nolo contendere to a charge of involuntary manslaughter and received a sentence of five years' probation and a one-year suspension of his driver's license.

In May, 1976, the widow of Robert K. Buchanan brought a wrongful death action against appellant. The jury returned a verdict in favor of the plaintiff and judgment was entered against appellant for $100,000. The Court of Appeals affirmed the judgment.

Appellant has not satisfied the judgment against

him in whole or in part. Pursuant to Code Ann. § 68C-401[1] Buchanan's widow requested that a copy of the unsatisfied judgment be forwarded to the Georgia Department of Public Safety. In accordance with § 68C-402[2] the department suspended appellant's driver's license. The suspension was stayed pending appellant's hearing on the matter with the department. At the hearing the department upheld the suspension.

Appellant then appealed the suspension in the Superior Court of Fulton County. The trial court granted appellee Department of Public Safety's motion for summary judgment, finding that there was no dispute of fact in the case and that the statutes in question are not unconstitutional.

1. Appellant first contends that he has twice been deprived of his driver's license due to events arising out of the same set of facts and that this has placed him in double jeopardy in violation of Art. I, Sec. I, Par. XV of the Georgia Constitution.

Double jeopardy prohibits the imposition of criminal punishment twice for the same offense. It is applied to criminal prosecutions alone. *Middlebrook v. Allen,* 234 Ga. 481 (216 SE2d 331) (1975). Appellant concedes that double jeopardy applies only to criminal matters, but contends that once his license was "suspended on a criminal conviction, any subsequent suspension of his driver's license arising out of the exact same set of facts as that criminal conviction would subject the appellant to twice being placed in jeopardy." This argument is without merit. The two suspensions of appellant's license do not

---

[1]This Code section provides that when any person fails to satisfy within 30 days any judgment arising out of a motor vehicle accident, the judgment creditor may request the court in which the judgment was entered to forward to the Georgia Department of Public Safety a certified copy of the judgment.

[2]This provision requires the Department of Public Safety to suspend the driver's license and registration of the person against whom the judgment is entered once it receives a certified copy of the judgment.

arise out of the "exact same set of facts," but from a criminal conviction on the one hand and the failure to satisfy a judgment in a civil action on the other. While one suspension follows from a criminal conviction, the other follows from a matter which is merely administrative in nature.

In *Williams v. State,* 138 Ga. App. 662 (226 SE2d 816) (1976), the Court of Appeals refused to accept appellant's claim that consideration of five traffic violation convictions which had previously been used to suspend his license for a year would place him in double jeopardy if used again as evidence to suspend his license for being an "habitual violator" under Code Ann. § 92A-457(9). The court held that, "[t]he mandatory suspension of a driver's license imposed under the violation point system cannot be classified as a criminal punishment resulting from a criminal prosecution. It is accomplished administratively by a designated public officer. In short, there is a complete absence of any judicial action and no attribute of a criminal case."

Likewise, the suspension of appellant's driver's license under § 68C-402 cannot be considered a criminal punishment. It is accomplished administratively by a designated public officer without judicial action. Appellant's argument that he has been placed in double jeopardy must fail.

2. Appellant received notice on March 13, 1979 that his driving privileges were to be suspended, effective April 13, 1979. Appellant then requested a hearing with the Department of Public Safety which was held on May 8, 1979. During the interim period suspension of appellant's license was stayed. The hearing officer upheld suspension of appellant's license.

Appellant argues that the manner in which his driver's license was suspended deprived him of procedural due process of law. We disagree.

In defining the elements of procedural due process this court has said that "nothing short of notice of the proceeding and an opportunity to be heard in opposition thereto will satisfy the due process clauses of the [Constitution] of this State . . ." *Murphy v. Murphy,* 214 Ga. 602, 605 (106 SE2d 280) (1958).

Appellant admits that he was given adequate notice of the suspension hearing. Appellant does not contend that he was not given an opportunity to be heard at the hearing, but that the "suspension was upheld without any evidence being presented on behalf of the appellant." Appellant does not aver that he has evidence which he wished to present but which he was not permitted to present; he simply states that he did not present any evidence when he had the opportunity to do so. This is not a violation of procedural due process. And in *State of Ga. v. Callaway,* 236 Ga. 613 (225 SE2d 230) (1976), we held that once procedural due process is satisfied, the state may revoke a driver's license. Therefore, there is no merit to this argument.

3. Appellant next contends that § 68C-401 and § 68C-402 were not in operation at the time of his accident in 1973 or at the time of the civil suit of Buchanan's widow, and, therefore, operate impermissibly as ex post facto laws.

In *Johnston v. State,* 236 Ga. 370 (223 SE2d 808) (1976), this court held that the right to operate a motor vehicle upon the public highways of this state is not a vested right, but is merely a qualified right which can be exercised by obtaining a license from the state. In *Fortson v. Weeks,* 232 Ga. 472 (208 SE2d 68) (1974), we said that "this court has definitely settled the law to be that our Constitution forbids the passage of only those retroactive, or rather retrospective, laws which injuriously affect the vested rights of citizens. The general rule throughout the United States is that a state legislature may constitutionally repeal, alter, or modify state laws enacted under the police power for the protection of the public, without violating any express or implied constitutional provision against retroactive statutes." See also, *State of Ga. v. Callaway,* supra.

Since appellant has only a qualified right and not a vested right in his driver's license, the revocation of his license under § 68C-401 and § 68C-402 does not violate the prohibition against passage of retroactive statutes.

4. We do not find an equal protection violation resulting from the fact that the judgment creditor alone has discretion whether or not to seek the remedy imposed

by the Code sections challenged. " 'A statutory discrimination will not be set aside as the denial of equal protection of the laws if any state of facts reasonably may be conceived to justify it.' " *C. & S. Nat. Bank v. Mann,* 234 Ga. 884, 888 (218 SE2d 593) (1975).

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 1, 1980 — DECIDED
APRIL 9, 1980.

*Macklyn A. Smith,* for appellant.
*Arthur K. Bolton, Attorney General, William B. Hill, Jr., Assistant Attorney General,* for appellee.