A95A2043. JACKSON v. THE STATE.
(462 SE2d 802)

BLACKBURN, Judge.

The appellant, Edward Howard Jackson, was arrested for driving under the influence and reckless driving. After his arrest, Jackson was notified by the Georgia Department of Public Safety that his driver's

license was to be suspended under OCGA § 40-5-67.1 (b) (2) because his blood alcohol concentration exceeded .10 grams at the time of his arrest. Jackson attempted to contest the proposed action; however, his request for a hearing was deemed untimely, and his driver's license was thereafter suspended. He was subsequently charged by accusation with two counts of driving under the influence of alcohol. The trial court denied Jackson's plea in bar, and Jackson now appeals.

Citing *United States v. Halper*, 490 U. S. 435 (109 SC 1892, 104 LE2d 487) (1989) and *Austin v. United States*, 509 U. S. ___ (113 SC 2801, 125 LE2d 488) (1993), Jackson contends that the trial court's denial of his plea in bar was error because the suspension of his operator's permit constituted former punishment foreclosing further punishment arising out of a prosecution for driving under the influence under the double jeopardy clauses of the state and federal constitutions. We disagree.

In *Halper* and in *Austin*, the United States Supreme Court held that "a civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment, as we have come to understand the term. [Cit.]" *Halper*, supra at 448; *Austin*, supra, 125 LE2d at 505. "To determine whether a civil sanction is punishment, a court must assess the penalty imposed and the purposes that it serves. Among the factors to consider are whether the sanction involves an affirmative disability or restraint, has been regarded historically as punishment, requires a finding of scienter, promotes retribution and deterrence as the goals of punishment, is rationally connected to an alternative purpose, and appears excessive when compared to the alternative purpose." (Citations omitted.) *Moser v. Richmond County Bd. of Commrs.*, 263 Ga. 63, 64 (428 SE2d 71) (1993) (regarding revocation of a business license).

The suspension of an operator's license for driving under the influence under OCGA § 40-5-67.1 (b) (2), as here, is reasonably related and not disproportional to the State's longstanding remedial purpose in removing dangerous and habitually negligent drivers from its roadways. OCGA § 40-5-57 (a) pertinently provides that "[t]he State of Georgia considers dangerous and negligent drivers to be a direct and immediate threat to the welfare and safety of the general public, and it is in the best interests of the citizens of Georgia immediately to remove such drivers from the highways of this state." Driver's licenses are suspended by a designated public officer in an administrative setting, rather than as punishment in consequence of a criminal prosecution. See OCGA § 40-5-67.1 (c); *Keenan v. Hardison*, 245 Ga. 599, 601 (266 SE2d 205) (1980) (regarding suspension of operator's license for failure to satisfy civil judgment); *Williams v. State*, 138 Ga. App. 662,

663 (226 SE2d 816) (1976) (regarding automatic suspension of operator's license as to habitual drunk driver). " 'In short, there is a complete absence of any judicial action and no attribute of a criminal case.' " *Keenan*, supra.

License suspension does not involve an affirmative restraint as " 'it is actually the "revocation of a privilege voluntarily granted," a traditional attribute of a remedial action.' " *Moser*, supra at 64. The civil sanction of revocation of a business license is not inconsistent with the suspension of an operator's license. Id. at 65; see also *State v. Strong*, 605 A2d 510, 514 (Vt. 1992) (citing post-*Halper* cases holding that suspension of driver's license in civil context is not criminal punishment violative of double jeopardy prohibitions). Neither the civil sanction of suspension nor the criminal conviction for driving under the influence requires proof of scienter, and "[d]espite carrying the 'sting of punishment,' the primary purpose of the sanction is not to deter the operator or seek retribution. See *Halper*, 490 U. S. 447, n. 7." *Moser*, supra at 64. Accordingly, the trial court correctly denied Jackson's plea in bar.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 4, 1995 — 

*Lee Sexton*, for appellant.

*Keith C. Martin, Solicitor, Elizabeth A. Baker-Cofer, Assistant Solicitor*, for appellee.