A95A1648. KIRKPATRICK v. THE STATE.
(464 SE2d 882)

RUFFIN, Judge.

This appeal raises the sole issue of whether administratively suspending a driver's license after a DUI arrest is punishment which triggers the Double Jeopardy Clause's prohibition against multiple

punishments, thereby precluding subsequent prosecution of the underlying DUI charges. We conclude that it does not.

Thamon Lee Kirkpatrick was arrested for DUI and open container violations after a state trooper stopped him at a driver's license check, discovered him drinking a beer, and administered several field sobriety tests which he failed. The trooper provided Kirkpatrick with an "Official Notice of Intent to Suspend License" which stated that because a chemical test indicated that his blood alcohol concentration was .10 grams or more, Georgia law required the suspension of his driver's license following the twentieth day after his arrest. The Georgia Department of Public Safety then administratively suspended Kirkpatrick's license pursuant to OCGA §§ 40-5-67; 40-5-67.1 and 40-5-67.2, and Kirkpatrick did not request a hearing to contest that suspension.

Kirkpatrick then moved to dismiss the DUI charges, arguing that the license suspension and the criminal prosecution constituted two separate proceedings and punishments for the same offense in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Art. I, Sec. I, Par. XVIII of the Georgia Constitution of 1983. The trial court denied the motion, finding that because the suspension was a civil administrative action taken for the remedial purpose of protecting the public from drunk drivers, the subsequent DUI prosecution did not violate the Double Jeopardy Clause.

Kirkpatrick appeals the denial of his motion to dismiss, renewing his double jeopardy arguments. Kirkpatrick argues that the license suspension was punitive and therefore mandates reversal of his criminal conviction. He maintains that the suspension of a driver's license cannot be considered remedial when the law provides for its reinstatement upon an acquittal in the criminal case and the suspension is counted toward the fulfillment of any period of suspension subsequently imposed in the criminal proceedings in the event of a conviction.

We recently rejected this same argument in *Nolen v. State*, 218 Ga. App. 819 (463 SE2d 504) (1995). After a thorough analysis of Kirkpatrick's arguments, we conclude that "the suspension of a driver's license at an administrative hearing is not punishment, nor is the hearing a prosecution, for the purposes of double jeopardy." Id. at 823. Thus, we find no error here.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED DECEMBER 4, 1995.

*Barksdale, Irwin, Talley & Sharp, David B. Irwin, Daniel S.*

*Digby*, for appellant.
    *S. Dabney Yarbrough, Solicitor*, for appellee.
    *Robert W. Chestney, Kenneth W. Mauldin*, amici curiae.