## A96A0618. MARTINEZ v. THE STATE.
(471 SE2d 551)

McMURRAY, Presiding Judge.

Defendant was charged in accusations with driving without proof of liability insurance, driving under the influence of alcohol, and failure to maintain lane. His blood alcohol level tested .132 grams percent on an Intoximeter 5000. Defendant filed a pretrial plea in bar based on double jeopardy, contending that he could not be criminally prosecuted on these charges because an administrative license suspension hearing had already been held and "resolved in defendant's favor . . . when the arresting officer failed to appear at the scheduled hearing."

The trial court denied defendant's plea in bar and defendant pursued this direct appeal from that interlocutory order. See *Patterson v. State*, 248 Ga. 875, 877 (287 SE2d 7). *Held*:

In two related enumerations, defendant contends the trial court erred in denying his plea in bar, arguing that he will be prosecuted twice for the same crime, in contravention of the Fifth Amendment of the United States Constitution, Art. I, Sec. I, Par. XVIII of the Georgia Constitution (1983), and the double jeopardy protections of OCGA §§ 16-1-7 (b) and 16-1-8 (a).

"We recently rejected this same argument in [the whole court decision,] *Nolen v. State*, 218 Ga. App. 819 (463 SE2d 504) (1995). After a thorough analysis of [defendant's] arguments, we conclude that 'the suspension of a driver's license at an administrative hearing is not punishment, nor is the hearing a prosecution, for the purposes of double jeopardy.' Id. at 823. Thus, [in the case sub judice] we find no error [in the denial of defendant's plea in bar]." *Kirkpatrick v. State*, 219 Ga. App. 307, 308 (464 SE2d 882).

Nor, does administrative suspension of a driver's license upon conviction for driving under the influence of alcohol or drugs result in impermissible double punishment for a single offense. " 'Forfeiture of goods or their value and the payment of fixed or variable sums of money are other sanctions which have been recognized as enforceable by civil proceedings since the original revenue law of 1789. (Cit.) In spite of their comparative severity, such sanctions have been

upheld against the contention that they are essentially criminal and subject to the procedural rules governing criminal prosecutions.' [*Helvering v. Mitchell*, 303 U. S. 391, 400 (58 SC 630, 82 LE 917) (1938)]." *Alexander v. State*, 129 Ga. App. 395, 397 (2), 398 (199 SE2d 918). Punishment in a civil forfeiture is against the property, based on the fiction that the property is the offender, and not against the owner as a criminal defendant. *Murphy v. State*, 219 Ga. App. 474, 475 (465 SE2d 497). "The suspension of an operator's license for driving under the influence under OCGA § 40-5-67.1 (b) (2) . . . is reasonably related and not disproportional to the State's longstanding remedial purpose in removing dangerous and habitually negligent drivers from its roadways. . . . Driver's licenses are suspended by a designated public officer in an administrative setting, rather than as punishment in consequence of a criminal prosecution. See OCGA § 40-5-67.1 (c); *Keenan v. Hardison*, 245 Ga. 599, 601 (266 SE2d 205) (1980) (regarding suspension of operator's license for failure to satisfy civil judgment); *Williams v. State*, 138 Ga. App. 662, 663 (226 SE2d 816) (1976) (regarding automatic suspension of operator's license as to habitual drunk driver). ' "In short, there is a complete absence of any judicial action and no attribute of a criminal case." ' *Keenan*, supra." *Jackson v. State*, 218 Ga. App. 677, 678 (462 SE2d 802).

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED MAY 21, 1996.

*James M. Mullis*, for appellant.
*Keith C. Martin, Solicitor, Elizabeth A. Baker, Assistant Solicitor*, for appellee.