## A97A2400. WRIGHT v. THE STATE.
(492 SE2d 581)

ELDRIDGE, Judge.

This case comes before us as an appeal of the denial of a plea in bar of double jeopardy. Defendant Jill Anne Wright, a Georgia resident since December 1995, was involved in a head-on collision on Lawrenceville Highway, DeKalb County, in March 1996. She was

subsequently cited for DUI, failure to yield right-of-way, and no proof of insurance. Although required by law to obtain a Georgia driver's license 30 days after assuming residence, OCGA § 40-5-20, at the time of the collision, Wright had not obtained a Georgia license and was using her Florida license. Her Florida license was confiscated pursuant to OCGA § 40-5-67, with the Uniform Traffic Citations serving as a temporary license.

At the time of the incident, defendant refused chemical testing, and pursuant to OCGA § 40-5-67.1, an administrative hearing was held with regard to the proposed suspension of Wright's driving privileges in Georgia. The arresting officer failed to appear at the June 6, 1996 hearing (as did Wright), and Wright's driving privileges were not suspended. Wright's Florida license was not returned to her, and in July 1996 she obtained a Georgia license.

Prior to trial on the charged offenses, defendant filed a motion for discharge and acquittal based upon a plea in bar of double jeopardy; Wright claims that after "winning" the administrative hearing, the State failed to return her plastic Florida license; that the administrative hearing process as established by OCGA § 40-5-67.1 does not provide an adequate remedy for a person to retrieve her license, "even if a person's license is not suspended," thereby violating due process; and that this alleged violation of due process prejudiced her in numerous ways, including difficulty in renting cars and cashing checks. Therefore, Wright argues, she has already been "punished" and a trial on the merits of the traffic offenses would be double jeopardy. *Held*:

1. The state's motion to dismiss the instant appeal is denied.

2. The suspension of a driver's license at an administrative hearing is not punishment, nor is the hearing a prosecution, for the purposes of double jeopardy. *Martinez v. State*, 221 Ga. App. 483 (471 SE2d 551) (1996); *Nolen v. State*, 218 Ga. App. 819 (463 SE2d 504) (1995). Further, had defendant followed the law she would have already surrendered her Florida license by the incident date, and she has no factual or legal basis upon which to demand the return of a license she should have relinquished two months before.

Moreover, "[w]henever any resident or nonresident person is charged with violating Code Section 40-6-391 [DUI], the law enforcement officer shall take the driver's license of the person so charged. The driver's license shall be attached to the court's copy of the uniform traffic citation and complaint form and shall be forwarded to the court having jurisdiction of the offense." OCGA § 40-5-67 (a). The court then retains possession of the plastic license of a defendant charged under OCGA § 40-6-391 until the final disposition of the case pursuant to a plea or verdict, and such defendant is authorized to drive on the temporary license that is issued at the time the plastic

license is confiscated. OCGA § 40-5-67 (c) (1), (2).

In contrast, a Department of Public Safety administrative hearing, conducted by a hearing officer pursuant to OCGA § 40-5-67.1, is a determination as to the suspension of one's driving privilege within this state, outside the merits of the pending criminal DUI charge. *Martinez*, supra at 483-484. The "winning" of such hearing does not result in the acquittal of the defendant on the pending DUI charge or the return of the defendant's plastic license, which by statute remains in the trial court's possession until disposition of the DUI charge. Accordingly, due process is not violated by the failure to return a defendant's plastic license simply because an administrative hearing was resolved in the defendant's favor, when the rationale for the confiscation of the license in the first place, a pending criminal charge under OCGA § 40-6-391, has not been so resolved. "If the laws passed are seen to have a reasonable relation to a proper legislative purpose, and are neither arbitrary nor discriminatory, the requirements of due process are satisfied." (Punctuation omitted.) *Quiller v. Bowman*, 262 Ga. 769, 771 (425 SE2d 641) (1993) (quoting *Nebbia v. New York*, 291 U. S. 502 (54 SC 505, 78 LE 940) (1934)).

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 2, 1997.

*William C. Head*, for appellant.

*Ralph T. Bowden, Jr., Solicitor, Noah H. Pines, W. Cliff Howard, Assistant Solicitors*, for appellee.