A97A2498. McGRAW v. THE STATE.
(498 SE2d 314)

SMITH, Judge.

Laura S. McGraw filed a motion for discharge and acquittal of the DUI charges against her. The trial court denied the motion. This direct appeal followed, and we affirm.

McGraw was stopped for speeding (82 mph) on Highway 78 by DeKalb County Police Officer J. S. Clayton. After smelling alcohol on McGraw's person, the officer conducted a series of field sobriety tests and an alcosensor test. Based on these tests, McGraw was arrested and charged with driving under the influence of alcohol. Her license was taken pursuant to OCGA § 40-5-67 (a). In lieu of her license, McGraw was given a traffic citation with a renewable, 180-day temporary driving permit. Officer Clayton then requested a blood test. McGraw agreed to the test, and the test results showed her blood alcohol concentration to be 0.11. The State did not pursue an administrative suspension of McGraw's license pursuant to OCGA § 40-5-67.1.

1. The State's motion to dismiss this appeal is denied. Although the issue raised has a constitutional dimension, in *Wright v. State*, 228 Ga. App. 717, 719 (492 SE2d 581) (1997), the Supreme Court of Georgia referred a similar issue, raised by the same appellate attorney, to this Court, and we decided that case on its merits.

2. In a single, convoluted enumeration of error, McGraw raises a due process challenge to the State's retention of her plastic driver's license under OCGA § 40-5-67.1. As we understand her argument, she maintains that OCGA § 40-5-67.1 (f) (1) clearly requires the arresting officer to confiscate a DUI defendant's license and forward it to the Department of Public Safety for suspension. The State has every right to suspend a person's license when he or she registers an

alcohol level above 0.1. But the statute provides no method for retrieving a license following a successful appeal, and here, Officer Clayton never initiated an administrative license suspension proceeding. McGraw argues she was therefore left without a remedy for retrieving her license. Since a driver's license is a property interest, its retention violated her due process rights, and the only available remedy to her was to ask for discharge and acquittal in the DUI case.

After considered reflection, we conclude that McGraw's argument is essentially a backdoor challenge to OCGA § 40-5-67.1, on the basis that the provisions of this statute were not applied to her but should have been. McGraw apparently contends that because her blood alcohol was 0.11, the State was *required* to administratively suspend her license. She then argues that, if OCGA § 40-5-67.1 had been applied to her (as allegedly required), the Code section would have violated her due process rights because it contains "no remedy to retrieve her plastic license." This argument is wholly meritless.

(a) McGraw has no standing to raise a constitutional challenge to OCGA § 40-5-67.1. "[This] case does *not* involve an administrative hearing to determine whether appellant's driver's license should be suspended, the conduct of which hearing *is* addressed in OCGA § 40-5-67.1. . . . [Cit.] It involves a *criminal trial* to determine appellant's guilt of driving under the influence, the conduct of which trial is *not* addressed in OCGA § 40-5-67.1." *Keenan v. State*, 263 Ga. 569, 570 (436 SE2d 475) (1993).

(b) The property right referenced by McGraw is not in the plastic license itself, but in the right to drive represented by the license. "The license grants persons the privilege to operate a vehicle on the public highways." *Quiller v. Bowman*, 262 Ga. 769, 771 (425 SE2d 641) (1993); see also *Bell v. Burson*, 402 U. S. 535 (91 SC 1586, 29 LE2d 90) (1971). No dispute exists that McGraw has retained her privilege to drive by virtue of the issued traffic citation. No property interest deprivation is therefore involved.[1]

(c) McGraw's driver's license was properly seized and retained pursuant to OCGA § 40-5-67 (a). "Whenever any resident or nonresident person is charged with [DUI], the law enforcement officer shall take the driver's license of the person so charged. The driver's license shall be attached to the court's copy of the . . . citation and shall be forwarded to the court having jurisdiction of the offense." OCGA § 40-5-67 (a). Thereafter, depending on the ultimate disposition of the DUI charges, the driver's license will either be returned by the trial

---

[1] McGraw also contends that she has had difficulty in renting cars and cashing checks without her plastic license. However, she has provided no authority for the proposition that there is a constitutional due process right to rent cars and cash checks using a plastic Georgia driver's license.

court to the defendant or forwarded to the Department of Public Safety for suspension. OCGA § 40-5-67 (c) (1), (2).

If McGraw wishes the return of her plastic license, a favorable disposition of the DUI charges against her is therefore the available statutory remedy. No double jeopardy issue exists here. *Wright*, supra.

*Judgment affirmed. Andrews, C. J., McMurray, P. J., Birdsong, P. J., Ruffin and Eldridge, JJ., concur. Beasley, J., dissents.*

BEASLEY, Judge, dissenting.

I respectfully dissent from the ruling on the merits because this case should be dismissed, but not for the reason advanced by the State.

The reason McGraw's appellate brief is convoluted is because it is an ill-conceived attempt to obtain an interlocutory ruling on a direct appeal. There is no doubt that the right to a direct appeal is afforded when a plea of double jeopardy is denied. OCGA § 5-6-34 (a) (1); *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982). But defendant's plea was, in its true nature, a vain effort to categorize the confiscation of the license which authorized her to drive as a punishment for the criminal charges of driving under the influence of alcohol (OCGA § 40-6-391 (a) (1)), driving with an unlawful alcohol concentration (formerly OCGA § 40-6-391 (a) (4), now OCGA § 40-6-391 (a) (5)), and speeding (OCGA §§ 40-6-181; 40-6-182; 40-6-183).

McGraw admits in her motion and on appeal that the driver's license was taken by the law enforcement officer as provided by OCGA §§ 40-5-67 and 40-5-67.1. The former section provides for the issuance of a temporary permit, which she had and did not seek an extension of. See OCGA § 40-5-67 (b) (3) and Department of Public Safety Rule § 570-3-.23.

If she is acquitted of the DUI criminal charges, she will regain it, but if she is convicted,[2] it will be administratively suspended or revoked. OCGA § 40-5-67 (b) and (c). *"[T]he suspension of a driver's license at an administrative hearing is not punishment, nor is the hearing a prosecution, for the purposes of double jeopardy."* (Emphasis supplied.) *Nolen v. State*, 218 Ga. App. 819, 823 (463 SE2d 504) (1995). See also *Wright v. State*, 228 Ga. App. 717, 718 (492 SE2d 581) (1997); *Martinez v. State*, 221 Ga. App. 483 (471 SE2d 551) (1996). That clearly being the law when McGraw filed her motion and plea in bar, an administrative suspension, whether valid or not, cannot be the basis for a plea in bar of the criminal prosecution based on double jeopardy grounds. The administrative action is "outside"

---

[2] "[O]r enters a plea of nolo contendere" was added in 1997. Ga. L. 1997, p. 760, § 19.

the pending criminal DUI charges. *Wright*, supra at 719.

Thus, McGraw should have obtained a certificate of immediate review and complied with the procedure set out in OCGA § 5-6-34 (b) if she wanted to challenge existing law and seek to have it overruled. She did obtain a certificate on other matters, but not this one. Or she should have gone ahead with the trial, which she complained in her motion was inordinately delayed although she did not file a motion for speedy trial as provided by OCGA § 17-7-170. Instead, she filed a direct appeal and thus further delayed the trial and the final administrative disposition on her license. But a direct appeal will not lie from the denial of a double jeopardy plea in bar based on temporary suspension of a driver's license, because such action by the State does not constitute punishment.

DECIDED FEBRUARY 27, 1998.

*William C. Head*, for appellant.
*Ralph T. Bowden, Jr., Solicitor, Noah H. Pines, W. Cliff Howard, Assistant Solicitors*, for appellee.