STATE OF MAINE                                      SUPERIOR COURT
KENNEBEC, SS.                                       CIVIL ACTION
                                                    DOCKET NO. AP-08-44
                                                    JAM-KEN - 10/2

DANIEL J. McCARTHY,

           Petitioner

           v.                                       **ORDER**

STATE OF MAINE, DEPARTMENT OF
SECRETARY OF STATE, BUREAU
OF MOTOR VEHICLES

           Respondent


This matter is before the court on petitioner's petition ("complaint") pursuant to 5 M.R.S.A. § 11001, *et seq.*, and M.R. Civ. P. 80C. Petitioner avers that he is a Maine resident whose occupation is repairing steam turbines in power plants throughout the United States, necessitating his driving across the country. Petitioner explains that his license to operate a motor vehicle was suspended as a result of a hearing with the Bureau of Motor Vehicle. His license was ordered to be suspended on May 10, 2008. The suspension was based on a finding that he was a habitual offender under Maine law having ten or more convictions or adjudications for moving violations arising out of separate acts committed within a five-year period. 29-A M.R.S.A. § 2551-A(1)(B). Petitioner argues that the license suspension was not supported by substantial evidence on the record in that it did not account for the fact that many of the moving violations occurred out of state and before the effective date of this particular iteration of the "habitual offender" legislation.

Petitioner argues that the respondent's decision represented an error of law and violated the petitioner's constitutionally protected due process rights. The petitioner

argues that he has been denied a property right by the denial of right to operate a motor vehicle based upon ex post facto application of the habitual offender law.

Title 29-A M.R.S.A. § 2551-A(1)(B) provides:

> **1. Habitual offender defined.** An habitual offender is a person whose record, as maintained by the Secretary of State, shows that:
>
> . . . .
>
> **B.** The person has accumulated 10 or more convictions or adjudications for moving violations arising out of separate acts committed within a 5-year period.

The certified record reveals that as of April 15, 2008, petitioner had ten moving violation convictions or adjudications in Maine, Virginia, New Jersey, New York, Maryland, North Carolina, and Pennsylvania within a five year period.

The Maine Law Court has said that the statutory requirement rests upon the premise that there is no absolute right to obtain and hold an operators license. It is rather a privilege, which for valid reasons involving the public safety may be granted or withheld by the State. It is true that the State may not unreasonably, arbitrarily, or capriciously withhold a license, but it may properly condition the grant upon compliance with reasonable police power requirements. *Opinion of the Justices*, 255 A.2d 643 (Me. 1969).

The United States Supreme Court has said that once licenses are issued, as in petitioner's case, their continued possession may become essential in the pursuit of a livelihood. Suspension of issued licenses thus involves State action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment. *Bell v. Burson*, 402 U.S. 535, 91 S. Ct. 1586, 1589.

Title 29-A M.R.S.A. § 2551-A(1)(B) was enacted on August 23, 2006. All but four of petitioner's violations occurred prior to August of 2006. Accordingly, petitioner

2

argues that this constitutes ex post facto application of law which is constitutionally prohibited, *citing State v. Chapman*, 685 A.2d 523, 524 (Me. 1996). This argument is best addressed by the decision of the United States Supreme Court which said:

> Nor do we think the fact that one of the convictions that entered into the calculations by which petitioner became a fourth offender occurred before the Act was passed, makes the Act invalidly retroactive or subjects the petitioner to double jeopardy. The sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.

*Gryger v. Burke*, 334 U.S. 728, 68 S. Ct. 1256, 1258.

The due process as articulated by the *Opinion of the Justices*, 255 A.2d at 649, is a standard that the State may not unreasonably, arbitrarily, or capriciously withhold a license. In the present case, the petitioner was afforded all the processes that he was due. He was informed of his right to appeal the decision of the Bureau of Motor Vehicles that his license was being revoked, he appealed that decision, he had an administrative hearing at which he appeared and testified, and he received a decision and has received judicial review in this court.

Retroactive or retrospective laws are generally defined as "those which take away or impair vested rights acquired under existing laws, or create a new obligation, impose a new duty, or attach a new disability in respect to transactions or considerations already passed." The statute is not retrospective merely because it relates to antecedent facts or transactions to fix the status of a person, without changing the legal effect of those prior transactions. Therefore, the statute does not create a new obligation, impose a new duty, or attach a new disability to petitioner's conviction. It relates to those convictions in order to fix petitioner's status under the act. *Belanger v. Quinn*, 1980 Me. Super. LEXIS 21 (June 17, 1980), *citing Barbieri v. Morris*, 315 S.W.2d 711, 714 (Mo. 1958); and *State v. Scheffel*, 82 Wn.2d 872, 514 P.2d 1052 (Wash. 1973), *appeal*

*dismissed*, 416 U.S. 964, 40 L. Ed. 2d 554, 94 S. Ct. 1984 (1973). The court also notes that previous versions of the habitual offender law contained a provision that no offenses prior to the enactment of the statute should be considered. In the instant case, that language does not appear.

In the absence of express language showing a contrary intent, statutes are to be given perspective application. *Opinion of the Justices*, 370 A.2d 654, 668 (Me. 1977). However, reliance upon a conviction occurring before the enactment of a habitual offender law, to find one a habitual offender, is not a retrospective application of the statute. *Kelley v. Quinn*, 1980 Me. Super. LEXIS 98 (Feb. 8, 1980); *State v. Calloway*, 236 Ga. 613, 225 S.E.2d 230 (Ga. 1976); *Cappadona v. Keith*, 290 So.2d 545 (Fla. 1974); *State v. Scheffel*, 82 Wn.2d 872, 514 P.2d 1052 (Wash. 1973). If the Legislature had intended that the statute only applied to offenses subsequent to its effective date, it could have so provided. However, the express language of the statute demonstrates that the Legislature intended that any conviction or adjudication which accrued in the past five years could be used in determining habitual offender status. By using the past tense, it states, "the person *has accumulated* ten or more convictions or adjudications . . . ." 29-A M.R.S.A. § 2551-A(1)(B).

Under such a motor vehicle statutory scheme, the court is not aware of any requirement in law that the violations must have been incurred within the geographic jurisdiction of Maine.

The entry will be:

> Petitioner's request to reverse the decision of the respondent is denied. The decision of the hearing officer of the Bureau of Motor Vehicle that revoked petitioner's license to operate a motor vehicle for an indefinite period of time pursuant to 29-A M.R.S.A. § 2552 for being a habitual offender within the meaning 29-A M.R.S.A. § 2551-A(1)(B) is affirmed.

4

DATED:   10-6-09

Donald H. Marden
Active Retired Justice

| Date Filed | 6/2/08 | KENNEBEC | Docket No. | AP08-44 |
| --- | --- | --- | --- | --- |

County

Action ___ 80C ___

DANIEL MCCARTHY vs. STATE OF MAINE, SEC. OF STATE

| Plaintiff's Attorney | Defendant's Attorney |
| --- | --- |
| JED DAVIS ESQ<br>86 WINTHROP ST<br>AUGUSTA MAINE 04330 | XXXXXXXXXXXXXXXXXXXXXXXXXXXXX, XXXX<br>6 State House Station<br>Augusta Maine 04333-0006<br>Donald Macomber, AAG |

| Date of Entry | |
| --- | --- |
| 6/2/08 | Complaint Pursuant to 5 M.R.S.A, filed. s/Davis, Esq. |
| 7/9/08 | Summons with proof of service on State of Maine Dept of Sec of State, Matthew Dunlaps Sec of State served in hand on 6/26/08 by civil deputy. |
| 7/28/08 | Letter entering appearance, filed. s/Thomas, AAG<br>Certified Record, filed. s/Thomas, AAG |
| 8/11/08 | **NOTICE AND BRIEFING SCHEDULE ISSUED**<br>Copies mailed to attys. of record. |
| 9/4/08 | Petitioner's Brief, filed. s/Davis, Esq. |
| 10/6/08 | Brief of Respondent Secretary of State, filed. s/Thomas, AAG |
| 8/17/09 | Letter informing the court that Gwendolyn Thomas, AAG no longer is the atty. for Respondent. s/Macomber, AAG<br>Letter entering appearance, filed. s/Macomber, AAG |
| 10/5/09 | ORDER, Marden, J.<br>Petitioner's request to reverse the decision of the respondent in denied. The decision of the jearing officer of the Bureau of Motor Vehicle that revoked petitioner's license to operate a motor vehicle for an indefinite period pursuant to 29-A M.R.S.A.§2552 for being a habitual offender within the meaning 29-A M.R.S.A.§2551-A(1)(B) is affirmed.<br>Copies to attys. of record.<br>Copies to repositories. |