S93A0558. MOSER v. RICHMOND COUNTY BOARD
OF COMMISSIONERS.
(428 SE2d 71)

FLETCHER, Justice.

This appeal concerns whether revoking an annual business license is a civil penalty that violates double jeopardy under the United States Constitution. We hold that revocation of a business license to operate a health spa following the owner's plea of nolo contendere to a sexual offense is not double jeopardy and affirm.

The Richmond County Board of Commissioners revoked Moser's business license after she pleaded nolo contendere to the offense of masturbation for hire. The county based the revocation on testimony from a deputy sheriff that Moser violated OCGA § 16-6-16. Moser filed a complaint seeking an injunction against the county. The trial court denied her request for a permanent injunction, concluding that the revocation of her business license was a remedial, rather than punitive, action and therefore did not constitute double jeopardy.

1. The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." United States Const., Amend. V. The clause protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U. S. 711, 717 (89 SC 2072, 23 LE2d 656) (1969). Moser contends that the revocation of her business license is a multiple punishment for the same offense under *United States v. Halper*, 490 U. S. 435 (109 SC 1892, 104 LE2d 487) (1989), because the loss of her license is punishment that is disproportionate to the crime committed.

In *Halper*, the United States Supreme Court determined that a civil penalty may constitute punishment for purposes of the double jeopardy clause. The sole question in that case was whether the statutory penalty imposed under the civil False Claims Act, which subjected Halper to a $130,000 judgment for false claims of $585, was a second punishment in violation of double jeopardy. Id. at 441. Concluding that it was, the court held:

> under the Double Jeopardy Clause a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the

second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution.

Id. at 448-449.[1] To determine whether a civil sanction is punishment, a court must assess the penalty imposed and the purposes that it serves. Id. at 448. Among the factors to consider are whether the sanction involves an affirmative disability or restraint, has been regarded historically as punishment, requires a finding of scienter, promotes retribution and deterrence as the goals of punishment, is rationally connected to an alternative purpose, and appears excessive when compared to the alternative purpose. See id. at 453 (Kennedy, J., concurring); *Kennedy v. Mendoza-Martinez*, 372 U. S. 144, 168-169 (83 SC 554, 9 LE2d 644) (1963).

The revocation of a business license for violating a state law related to the operation of the business serves a remedial purpose.

Although the sanction [of license suspension] arguably involves an affirmative restraint, it is actually the "revocation of a privilege voluntarily granted," a traditional attribute of a remedial action.

(Citation omitted.) *State v. Strong*, 605 A2d 510, 513 (Vt. 1992). Neither the civil sanction of revocation nor the criminal conviction for masturbation for hire requires a finding of scienter. Despite carrying the "sting of punishment," the primary purpose of the sanction is not to deter the operator or seek retribution. See *Halper*, 490 U. S. 447, n. 7.

Instead, the purpose of the license revocation provision is to regulate local businesses and protect the public health, safety, and morality, legitimate nonpunitive goals. Cf. *Manocchio v. Kusserow*, 961 F2d 1539, 1542-1543 (11th Cir. 1992) (concluding doctor's mandatory exclusion from Medicare system for five years for submitting fraudulent claim is remedial in nature and purpose). Revoking an operator's license for violating a state law reasonably related to the operator's job is not excessive enforcement of the goal of protecting the public. "[T]he fact that a statute designed primarily to serve remedial purposes incidentally serves the purposes of punishment as well does not mean that the statute results in punishment for double jeopardy purposes." *State v. Nichols*, 169 Ariz. 409 (819 P2d 995, 998) (1991). Therefore, we conclude that Moser's license revocation is not punish-

---

[1] Some courts have distinguished the *Halper* decision as applying only when the civil sanction imposes monetary damages. See *United States v. Reed*, 937 F2d 575, 578 (11th Cir. 1991); see also *Ellis v. Pierce*, 230 Cal.App.3d 1557 (282 Cal. Rptr. 93, 94) (1991) ("the notion of a sanction being remedial in the sense meant by *Halper* connotes redress to an injured party").

ment in violation of the Federal Constitution's prohibition against double jeopardy.

This holding is consistent with our previous decision that the suspension of a driver's license for failure to satisfy a money judgment arising out of a motor vehicle accident is not criminal punishment. See *Keenan v. Hardison*, 245 Ga. 599, 601 (266 SE2d 205) (1980); see also *Strong*, 605 A2d at 514 (listing post-*Halper* cases concluding that suspension of a driver's license in a civil proceeding is not criminal punishment invoking double jeopardy protection). In addition, federal courts have held that debarment from federal programs after a conviction related to the delivery of services is remedial. See, e.g., *United States v. Bizzell*, 921 F2d 263, 267 (10th Cir. 1990).

2. Having reviewed the record, we conclude the remaining enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 12, 1993.

*Christopher G. Nicholson,* for appellant.

*Burnside, Wall, Daniel & Ellison, Robert C. Daniel, Jr.,* for appellee.