## A95A1570. NOLEN v. THE STATE.
## A95A1727. MOORE v. THE STATE.
(463 SE2d 504)

ANDREWS, Judge.

Both of these appeals concern similar claims that double jeopardy bars a subsequent criminal prosecution for the offense of driving under the influence (DUI) after an administrative license suspension hearing.[1] In Case No. A95A1570, Nolen claims that an administrative driver's license suspension hearing constitutes a prosecution that bars any subsequent criminal prosecution on DUI charges based on the double jeopardy prohibition against multiple prosecutions for the same offense. In Case No. A95A1727, Moore claims that a driver's license suspension at an administrative hearing constitutes punishment and therefore bars a subsequent criminal prosecution on DUI charges based on the double jeopardy prohibition against multiple punish-

---

[1] These two cases are being decided by the whole court pursuant to OCGA § 15-3-1 (c) (2) and (3).

ments. We hold in both cases that double jeopardy does not bar the subsequent criminal prosecution or punishment.

The facts in Case No. A95A1570 show that Nolen was arrested for DUI on May 28, 1994, and was issued an "Official Notice of Intent to Suspend License." He requested and received an administrative implied consent hearing pursuant to OCGA § 40-5-67.1 to determine whether the driver's license suspension should be sustained or rescinded. The hearing was held by the Department of Public Safety and was presided over by an administrative law judge (ALJ). At the hearing, the ALJ rescinded the license suspension. (Nothing in the record indicates why the ALJ rescinded the suspension, e.g., lack of reasonable grounds, officer failed to adequately inform of implied consent laws.) Nolen then made a motion for discharge and acquittal on the DUI charge on the theory that a criminal prosecution for violation of OCGA § 40-6-391 would violate federal and state double jeopardy provisions because it would constitute a second prosecution for the same offense. His appeal is from the denial of the motion.

In Case No. A95A1727, Moore was arrested for failure to maintain lane, driving under the influence of alcohol or drugs, and driving with an illegal blood alcohol level. Moore submitted to a breathalyzer test, and her blood alcohol concentration registered at 0.13 grams. Pursuant to OCGA § 40-5-67.1, the Georgia Department of Public Safety notified Moore that her license would be suspended due to her blood alcohol concentration of 0.10 grams or more. Moore requested and received a hearing on the license suspension at which her driver's license was suspended for a minimum of three years. Moore subsequently moved for dismissal of the criminal charges claiming that federal double jeopardy provisions barred multiple punishment for the same offense. She appeals from the denial of the motion.

The double jeopardy clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The Georgia Constitution also contains a double jeopardy clause which provides that "[n]o person shall be put in jeopardy of life or liberty more than once for the same offense." Ga. Const. 1983, Art. I, Sec. I, Par. XVIII. Further, OCGA §§ 16-1-6, 16-1-7, and 16-1-8 also provide limitations on multiple prosecutions, convictions, and punishments for the same criminal conduct. *Stone v. State*, 166 Ga. App. 245 (304 SE2d 94) (1983).

Double jeopardy protects against three types of abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U. S. 711, 717 (89 SC 2072, 2076, 23 LE2d 656, 664-665) (1969). Nolen contends that the administrative license suspension hearing involved

the same conduct and the same issues as would a criminal prosecution on DUI charges, and therefore, such prosecution is barred by the double jeopardy prohibition against multiple prosecutions. Moore contends that a criminal prosecution against her on the DUI charges would amount to an attempt by the State to punish her a second time for the same offense and would therefore violate the double jeopardy prohibition against multiple punishments.

Traditionally, an administrative hearing could not constitute a prosecution for the purpose of double jeopardy analysis because it was not a criminal proceeding (*Alexander v. State*, 129 Ga. App. 395, 397-398 (199 SE2d 918) (1973)), nor have administrative sanctions been considered punishment for the purposes of double jeopardy. *Coates v. Seay*, 239 Ga. 635 (238 SE2d 422) (1977); *Middlebrook v. Allen*, 234 Ga. 481, 482 (216 SE2d 331) (1975). However, recent United States Supreme Court decisions recognize that an administrative proceeding may invoke double jeopardy protections. *Dept. of Revenue of Montana v. Kurth Ranch*, 511 U. S. ___ (114 SC 1937, 128 LE2d 767) (1994); *United States v. Halper*, 490 U. S. 435 (109 SC 1892, 104 LE2d 487) (1989). An administrative sanction may constitute punishment for the purposes of double jeopardy if the purpose of the sanction is not remedial but instead serves the goals of retribution or deterrence. *Kurth Ranch*, supra; *Halper*, supra. In *Kurth Ranch*, supra, the Supreme Court held that a civil proceeding imposing an excessive tax on defendants for possession of illegal drugs after they were convicted on criminal drug charges constituted the "functional equivalent of a successive criminal prosecution" that placed defendants "in jeopardy a second time for the same offense." *Kurth Ranch*, supra, 128 LE2d at 782. Thus, circumstances may arise in which an administrative hearing constitutes a prosecution for double jeopardy purposes and thus bars any subsequent criminal prosecution based on the same issues and conduct.

To determine whether a civil proceeding constitutes a prosecution for the purposes of double jeopardy, the potential sanction involved must be penal rather than remedial. That is, it must serve to punish the defendant. "[A] civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment." *Halper*, supra, 104 LE2d at 502. However, the decision in *Halper* does not mandate that a civil sanction that incidentally serves a punishment purpose constitutes punishment for double jeopardy purposes. As the Supreme Court acknowledged in *Halper*, supra, from the defendant's perspective "even remedial sanctions carry the sting of punishment." *Halper*, supra, 104 LE2d at 501, n. 7. "This[, however,] is not to say that whether a sanction constitutes punishment must be determined from the defendant's perspective." Id. The Geor-

gia Supreme Court has held that "[t]he fact that a statute designed primarily to serve remedial purposes incidentally serves the purpose of punishment as well does not mean that the statute results in punishment for double jeopardy purposes." (Citation and punctuation omitted.) *Moser v. Richmond County Bd. of Commrs.*, 263 Ga. 63, 64 (428 SE2d 71) (1993). In *Moser*, the Court established a list of factors to consider in determining whether a civil sanction is punishment for double jeopardy purposes. "Among the factors to consider are whether the sanction involves an affirmative disability or restraint, has been regarded historically as punishment, requires a finding of scienter, promotes retribution and deterrence as the goals of punishment, is rationally connected to an alternative purpose, and appears excessive when compared to the alternative purpose." *Moser*, supra at 64. Applying these factors, we conclude that the administrative license suspension hearing does not involve punishment for double jeopardy purposes.

While the suspension of a driver's license may arguably be characterized as an affirmative restraint, it does not require a finding of scienter, and "it is actually the revocation of a privilege voluntarily granted, a traditional attribute of a remedial action." (Citation and punctuation omitted.) Id.; *Nelson v. State*, 87 Ga. App. 644, 648 (75 SE2d 39) (1953); OCGA §§ 40-1-1 (24) (B); 40-5-1 (16) and (17). Moreover, the purpose of the license suspension hearing is clearly remedial. "The State of Georgia considers dangerous and negligent drivers to be a direct and immediate threat to the welfare and safety of the general public, and it is in the best interests of the citizens of Georgia immediately to remove such drivers from the highways of this state." OCGA § 40-5-57. There can be no doubt that drivers with a blood alcohol level in excess of 0.10 grams pose a "direct and immediate threat to the welfare and safety of the general public." OCGA § 40-5-55. The purpose of the driver's license suspension hearing is to provide a quick, informal procedure to remove dangerous drivers from Georgia's roadways and thereby protect public safety. The motorist is not jailed or fined as a result of the suspension but merely temporarily loses the privilege of driving on Georgia's highways. An administrative suspension of a driver's license is not comparable to the civil forfeiture of a property right, which has been found to constitute punishment. *United States v. $405,089.23 U.S. Currency*, 33 F3d 1210 (1994). In Georgia, a driver's license is not an absolute right but rather is a privilege that may be revoked for cause. "[T]he right to continue the operation and to keep the license to drive is dependent upon the manner in which the licensee exercises this right. The right is not absolute, but is a privilege. . . . [W]hile it cannot be revoked without reason, it can be constitutionally revoked or suspended for any cause having to do with public safety." *Nelson*, supra at 648. Be-

cause the purpose of the administrative license suspension is to protect public safety, and the deterrent effect is only incidental, we find that the sanction is clearly remedial.

Accordingly, the suspension of a driver's license at an administrative hearing is not punishment, nor is the hearing a prosecution, for the purposes of double jeopardy. We find no error in the denial of Nolen's motion for discharge and acquittal on the basis of double jeopardy in Case No. A95A1570, and no error in the denial of Moore's motion to dismiss on the basis of double jeopardy in Case No. A95A1727.

*Judgments affirmed. Beasley, C. J., McMurray, P. J., Birdsong, P. J., Pope, P. J., Johnson, Blackburn, Smith and Ruffin, JJ., concur.*

DECIDED OCTOBER 2, 1995 —
RECONSIDERATION DENIED OCTOBER 26, 1995 —

*Bruce F. Morriss, Daniel Shim*, for appellant (case no. A95A1570).

*J. Guy Sharpe*, for appellant (case no. A95A1727).

*Gerald N. Blaney, Jr., Solicitor, Richard E. Thomas, Rosanna M. Szabo, Assistant Solicitors*, for appellee (case no. A95A1570).

*Benjamin F. Smith, Jr., Solicitor, Barry E. Morgan, Mark A. Basurto, Aurieanne Sneed, Assistant Solicitors*, for appellee (case no. A95A1727).

*Robert W. Chestney, Kenneth W. Mauldin*, amici curiae.

