A95A2574. CLARK v. THE STATE.
(469 SE2d 250)

ANDREWS, Judge.

Bobby Joe Clark, Jr. appeals the trial court's denial of his plea of former jeopardy. Clark contends that a criminal sentence following his suspension from high school after being arrested and indicted for armed robbery is a violation of his constitutional right not to be placed in double jeopardy. We disagree and affirm the judgment of the trial court.

Clark, a 17-year-old student at Clinch County High School, was arrested on September 6, 1994, for the armed robbery of a conve-

nience store. On September 8, 1994, Dr. Hinson, the principal at the high school, assessed Clark a ten-day suspension based on his confession of involvement in the armed robbery. The notice of discipline mailed to Clark's parents stated that this ten-day suspension was a Step 9 level of punishment. In addition, the record shows that Hinson recommended that a tribunal hearing be held to determine whether a long-term suspension should be imposed. Clark's counsel filed a plea of former jeopardy, claiming that the school suspension was a separate punishment by the State and triggered state and federal constitutional protections against double jeopardy. The trial court denied the plea of former jeopardy. Clark subsequently pled guilty to robbery by intimidation and was sentenced to ten years, four to serve and the balance probated.[1] Clark now appeals the judgment of the trial court on his guilty plea, raising as error the court's denial of his plea of former jeopardy.

The double jeopardy clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The Georgia Constitution also contains a double jeopardy clause which provides "[n]o person shall be put in jeopardy of life or liberty more than once for the same offense." Ga. Const. 1983, Art. I, Sec. I, Par. XVIII. The double jeopardy clause "protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense." *Moser v. Richmond County Bd. of Commrs.*, 263 Ga. 63 (428 SE2d 71) (1993) (citing *North Carolina v. Pearce*, 395 U. S. 711, 717 (89 SC 2072, 23 LE2d 656) (1969)).

Until recently, a civil sanction did not constitute a prosecution or punishment for purposes of the double jeopardy clause. But, two recent Supreme Court cases have held that certain administrative proceedings may trigger double jeopardy protection. See *Dept. of Revenue of Montana v. Kurth Ranch*, 511 U. S. ___ (114 SC 1937, 128 LE2d 767) (1994) (excessive tax on defendants for possession of illegal drugs after conviction on drug charges was functional equivalent of a successive criminal prosecution); *United States v. Halper*, 490 U. S. 435 (109 SC 1892, 104 LE2d 487) (1989) (statutory penalty assessed under the False Claims Act was a second punishment in violation of the double jeopardy clause).

In *Halper*, the Supreme Court held that, for purposes of the double jeopardy clause guarantee against multiple punishments for

---

[1] While a plea of guilty generally waives all defenses or objections on appeal, a claim of constitutional double jeopardy survives an unconditional guilty plea. *Hooten v. State*, 212 Ga. App. 770 (1) (442 SE2d 836) (1994) (citing *Blackledge v. Perry*, 417 U. S. 21, 30 (94 SC 2098, 40 LE2d 628) (1974)).

the same offense, a civil sanction may constitute punishment if it can only be described as punitive. In addition, a civil sanction that does not bear a rational relation to a nonpunitive purpose will be treated as punishment. Id. at 449.

Therefore, in order to determine whether the ten-day suspension is punishment, *Halper* requires "a particularized assessment of the penalty imposed and the purposes that the penalty may fairly be said to serve." Id. at 448. Further, whether a sanction constitutes punishment is not to be determined from the defendant's perspective, but rather, "it is the purpose *actually served* by the sanction in question, not the underlying nature of the proceeding giving rise to the sanction, that must be evaluated." (Emphasis supplied.) *Halper*, supra at 447, n. 7.

Applying these guidelines to our case, we find the purpose actually served by the suspension did not constitute a punishment. Clark was in jail at the time and was not affected by the suspension. The purpose of the sanction was a remedial one, i.e., that of preventing a student who had confessed to a violent crime from returning to school in the event he was released from jail. This was a necessary step taken by the school administration in order to provide for the safety and welfare of its students. Moreover, the principal's recommendation that a further hearing be held to determine whether the suspension should be extended supports this conclusion. Further, the ten-day suspension bore a rational relation to this nonpunitive purpose and was not excessive in achieving that purpose. Thus, Clark's suspension from school does not rise to the level of "punishment" for purposes of the double jeopardy clause. Accordingly, the trial court did not err in denying Clark's plea of former jeopardy.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 2, 1996 —
RECONSIDERATION DENIED FEBRUARY 20, 1996.

*J. Mark Hatfield*, for appellant.
*Richard E. Currie, District Attorney, Kathy L. Register, Assistant District Attorney*, for appellee.