## STATE OF CONNECTICUT *v.* VALERIE DUERR
(14871)

Dupont, C. J., and Schaller and Spallone, Js.

Argued April 29—officially released June 18, 1996

*Raymond T. Trebisacci* filed a brief for the appel-lant (defendant).

*Mary Lesser*, assistant state's attorney, with whom, on the brief, were *Kevin T. Kane*, state's attorney, and

*Paul Narducci,* deputy assistant state's attorney, for the appellee (state).

SPALLONE, J. The defendant appeals from the trial court's denial of her motion to dismiss the charge of attempted larceny in the third degree in violation of General Statutes §§ 53a-49 and 53a-124. The defendant filed a motion to dismiss on the ground that the criminal prosecution would violate her right not to be twice put in jeopardy under the fifth and fourteenth amendments to the United States constitution and article first, §§ 8 and 9, of the Connecticut constitution.

At the hearing on the defendant's motion to dismiss, defense counsel agreed that the defendant had been fired from her job with the city of Groton. By notice dated November 8, 1994, the administrator of the Unemployment Compensation Act communicated to the defendant as follows: "You were discharged by Groton Municipal employees on June 20, 1994, for actions against your employer's interest. Your conduct constituted larceny of property or services whose value exceeded fifty dollars. You are, therefore, ineligible for unemployment benefits from June 19, 1994, until you have earned at least ten times your weekly benefit rate and are otherwise eligible." The defendant was found not eligible because of her own misconduct and, therefore, she did not qualify for unemployment compensation. See General Statutes § 31-236 (a) (2) (B).

The defendant argues that the denial of benefits was punitive, and that the state, having subjected her to an administrative hearing and having punished her for the theft, could not criminally prosecute her for larceny without violating her double jeopardy rights. The state argues that the denial was not a punishment, but, rather, it was remedial pursuant to the Unemployment Compensation Act, General Statutes § 31-222 et seq. We agree with the state.

The Unemployment Compensation Act was not meant to be punitive, but was intended to serve the public policy of providing compensation to those who are eligible and who meet the requirements for benefits as outlined in the statutes; the act was intended to be remedial. *United Parcel Service, Inc.* v. *Administrator*, 209 Conn. 381, 388, 551 A.2d 724 (1988); *Robinson* v. *Unemployment Security Board of Review*, 181 Conn. 1, 24, 434 A.2d 293 (1980). Moreover, we find the defendant's contention that she was punished by being deprived of benefits in an amount exceeding $6000 to be untenable. As a matter of logic, one cannot be deprived of a benefit for which one never qualified, particularly when the lack of eligibility was based on a party's own misconduct. We hold that the trial court, in ruling that the Unemployment Compensation Act was remedial and not punitive, was a rational, logical and proper determination under applicable law. See *United Parcel Service, Inc.* v. *Administrator*, supra, 388.

Finally, the imposition of an administrative sanction does not bar criminal prosecution. A civil or administrative sanction that is rationally related to a legitimate remedial purpose does not give rise to a double jeopardy violation. *State* v. *Hickam*, 235 Conn. 614, 623, 668 A.2d 1321 (1995). We, therefore, hold that the imposition on the defendant of the administrative sanction of denial of unemployment benefits does not bar the state from prosecuting her on the charge of attempted larceny in violation of §§ 53a-49 and 53a-124.

The judgment is affirmed.

In this opinion the other judges concurred.