## A96A1372. PENNYMAN v. THE STATE.
### (476 SE2d 71)

ANDREWS, Judge.

Ronald Pennyman appeals from the trial court's denial of his plea of former jeopardy. Pennyman argues that his termination from the Thomaston Police Department for threatening and attempting to choke Robin Williams bars his prosecution for those same offenses. We disagree and affirm the judgment of the trial court.

On April 30, 1995, the police department took a call from Ms. Williams saying someone was trying to break into her house. Two officers went to Williams' house and found Pennyman at her back door. When Williams opened the door and requested that the officers take Pennyman away, Pennyman put his hands around her throat, and the officers had to intervene to prevent Pennyman from choking her.

On May 11, 1995, the Chief of Police fired Pennyman because of this incident. Pennyman appealed his termination and the City Manager held an evidentiary hearing at which Pennyman was represented by counsel. The City Manager upheld Pennyman's termination, finding the Chief of Police was justified in firing Pennyman because Pennyman's conduct was "totally incompatible with public service and . . . endangered the public and his fellow officers."

On September 25, 1995, Pennyman was indicted on one count of making terroristic threats and one count of simple battery. Pennyman objected, claiming the double jeopardy clause of the United States Constitution prohibited his subsequent prosecution for these offenses.

The double jeopardy clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The double jeopardy clause "protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense." *Moser v. Richmond County Bd. of Commrs.*, 263 Ga. 63 (428

SE2d 71) (1993) (citing *North Carolina v. Pearce*, 395 U. S. 711, 717 (89 SC 2072, 23 LE2d 656) (1969)).

Until recently, a civil sanction did not constitute a prosecution or punishment for purposes of the double jeopardy clause. But, two recent Supreme Court cases have held that certain administrative proceedings may trigger double jeopardy protection. See *Dept. of Revenue of Montana v. Kurth Ranch*, 511 U. S. ___ (114 SC 1937, 128 LE2d 767) (1994) (excessive tax on defendants for possession of illegal drugs after conviction on drug charges was functional equivalent of a successive criminal prosecution); *United States v. Halper*, 490 U. S. 435 (109 SC 1892, 104 LE2d 487) (1989) (statutory penalty assessed under the False Claims Act was a second punishment in violation of the double jeopardy clause).

In *Halper*, the Supreme Court held that, for purposes of the double jeopardy clause guarantee against multiple punishments for the same offense, a civil sanction may constitute punishment if it can be described only as punitive. In addition, a civil sanction that does not bear a rational relation to a nonpunitive purpose will be treated as punishment. Id. at 449.

Therefore, in order to determine whether Pennyman's termination from the police force constituted a "punishment" for purposes of the double jeopardy clause, *Halper* requires a particularized assessment of the penalty imposed and the purpose that the penalty may fairly be said to serve. Id. at 448. Further, whether a sanction constitutes punishment is not to be determined from the defendant's perspective, but rather, "it is the purposes *actually served* by the sanction in question, not the underlying nature of the proceeding giving rise to the sanction, that must be evaluated." (Emphasis supplied.) Id. at 447, n. 7.

Applying these guidelines to our case, we find the purpose actually served by the termination did not constitute solely a punishment. The purpose of the sanction, as the City Manager stated, was the remedial one of removing a police officer whose conduct reflected poorly on the force and who posed a danger to the public and other officers.

Thus, Pennyman's termination from the police force does not rise to the level of "punishment" required for a finding that a subsequent prosecution is barred by the double jeopardy clause. *Halper*, supra at 448. Accordingly, the trial court did not err in denying Pennyman's plea of former jeopardy.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 17, 1996 — 

*Michael B. King*, for appellant.

*William T. McBroom III, District Attorney, Michael G. Webb, Assistant District Attorney*, for appellee.