[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED AUGUST 8, 1997
Defendant, arrested by warrant, is charged with two counts of sexual assault in the second degree in violation of Conn. Gen. Stat. § 53a-71. The state alleges that on May 1 and May 2, 1996, the defendant, a licensed respiratory therapist at the Hospital for Special Care in New Britain, sexually assaulted a patient who has Amyotrophic Lateral Sclerosis, a progressive and debilitating disease which attacks the central nervous system. After defendant was arrested, the Department of Public Health began an administrative review pursuant to Conn. Gen. Stat. § 20-162p. By notice dated October 13, 1996, defendant was notified that the Department of Public Health would begin formal disciplinary proceedings pursuant to § 19a-14. On January 31, 1997, defendant entered into a consent order with the bureau of regulatory services under the terms of which the defendant was put on probation for four years, during which time defendant may not provide care to any patient with sensory, muscular or cognitive impairments or who is unable to communicate verbally, in writing, by sign, computer or letter board modality, except in the presence of another licensed practitioner. The defendant CT Page 3146 also is required to undergo a psychiatric evaluation at his own expense and to pay a civil penalty of $1,000. Defendant has now moved to dismiss the criminal case on the grounds that they are barred by the constitutional protections against double jeopardy of the Fifth
and Fourteenth Amendments of the United States Constitution
and Article I, section 8 of the Connecticut Constitution.
Defendant argues that the $1,000 penalty and the probation incurred as a result of the consent order constitute punishment which now bars further prosecution of the criminal charges. As the Supreme Court held in United States v. Halper, 490 U.S. 435 (1989, the double jeopardy clause protects against multiple punishments for the same offense. While the Connecticut Constitution does not contain an express double jeopardy clause, our State Constitution's guarantee of due process includes protection against double jeopardy.State v. Santiago, 240 Conn. 97, 100 n. 3 (1997). The label placed on the sanction is not determinative, rather it is the purpose to be served. "[P]unishment serves the twin aims of retribution and deterrence . . . [R]etribution and deterrence are not legitimate nonpunitive governmental objectives . . . [A] civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purpose is punishment."United States v. Halper, 490 U.S. 435, 448 (1989).
However, if the administrative sanction serves a legitimate remedial purpose and is rationally related to that purpose, it does not give to a double jeopardy violation. It is only when the sanction seeks only to punish that the double jeopardy clause's protection is triggered. State v. Hickam, 235 Conn. 614, 623 (1995). See also State v. Duerr, 41 Conn. App. 751, 753 (1996). Here, the consent order imposes a period of probation which restricts the defendant's treatment of patients who have impairments unless another licensed practitioner is present. This restriction serves a remedial purpose of protecting other patients who are situated similarly to the alleged victim. This restriction serves the remedial purpose of protecting other patients and is, therefore not punishment for double jeopardy analysis. CT Page 3147 See, e.g., Schillerstrom v. State, 180 Ariz. 468,885 P.2d 156 (1994), Loui v. Board of Medical Examiners, 78 Haw. 21,889 P.2d 705 (1995), and Munson v. State, 428 S.E.2d 71
(Ga. 1993).
In addition, the consent order assesses a fine of $1,000. While defendant characterizes this as the maximum penalty allowed by law, such has not been the case sincePublic Act 94-174 amended Conn. Gen. Stat. § 19a-17 to provide a maximum penalty of $10,000. In 1982, the legislature adopted the provision allowing assessment of a fine to provide flexibility to the licensing boards and commissions short of suspension or revocation. See, Conn. Joint Standing Committee Hearings, Pub. Health, 1982 Sess., Pt. 1, p. 387. The purpose of increasing the limit to $10,000 was to allow fines to be "more commensurate with the seriousness of a licensee's misconduct." Conn. Joint Standing Committee Hearing. Pub. Health, 1994 Sess., Pt. 1, p. 1281. The fine imposed was the product of the consent order, which was entered into some six months after the defendant's arrest and three months after the Department of Public Health notified defendant that formal disciplinary proceedings would begin. While the order does not state the basis for the $1,000 penalty, according to the legislative history the fine should be commensurate with the seriousness of the misconduct. Had the fine been higher, then one could classify it as retribution. Given that the offense charged here is serious, the penalty seems closer to compensatory and remedial and should not bar prosecution of this case. Since the administrative sanctions have legitimate remedial purposes and are rationally related to that purpose and since they do not seek only to punish, no double jeopardy protection attaches. State v. Hickam,235 Conn. 614 (1995).
Defendant's motion to dismiss is, therefore, denied.
SUSCO, J.