## A97A1839. THOMPSON v. THE STATE.
(494 SE2d 306)

BLACKBURN, Judge.

King C. Thompson appeals the trial court's denial of his plea in bar based upon double jeopardy, contending that the $200 restoration fee is punitive.[1] Pursuant to OCGA § 40-5-67, Thompson's driver's license was suspended for one year after he was arrested for DUI and a subsequent breath test indicated he had an alcohol concentration of .10 or above. In order to reinstate his driving privileges, Thompson complied with OCGA § 40-5-67.2 (a) (1) by submitting proof of completion of a DUI alcohol or drug use risk reduction program approved by the Department of Human Resources and paying the $200 restoration fee. Thompson contends that the $200 fee he paid in order to have his driver's license reinstated was punishment for the same conduct for which he is now being criminally prosecuted. Thompson argues that the restoration fee cannot be characterized as a remedial measure and must be considered punitive in nature. However, because the fee for the restoration of his driving privilege was not a fine and was not required to be paid, but was rather a voluntary payment, it cannot be considered punitive or a sanction, and therefore, we need not reach Thompson's argument.

"The double jeopardy clause of the Fifth Amendment to the United States Constitution provides that no person shall 'be subject

---

[1] This case has been decided by the whole court pursuant to OCGA § 15-3-1 (c) (2).

for the same offense to be twice put in jeopardy of life or limb.' The Georgia Constitution also contains a double jeopardy clause which provides that '(n)o person shall be put in jeopardy of life or liberty more than once for the same offense.' Ga. Const. 1983, Art. I, Sec. I, Par. XVIII. Further, OCGA §§ 16-1-6, 16-1-7, and 16-1-8 also provide limitations on multiple prosecutions, convictions, and punishments for the same criminal conduct." *Nolen v. State*, 218 Ga. App. 819, 820 (463 SE2d 504) (1995).

In *Nolen*, we determined that neither a driver's license suspension hearing nor the actual suspension of a driver's license constituted a bar to criminal prosecution for DUI. We found that the suspension of a driver's license " 'is actually the revocation of a privilege voluntarily granted, a traditional attribute of a remedial action.' " Id. at 822. We held that "[i]n Georgia, a driver's license is not an absolute right but rather is a privilege that may be revoked for cause. The right to continue the operation and to keep the license to drive is dependent upon the manner in which the licensee exercises this right. The right is not absolute, but is a privilege. While it cannot be revoked without reason, it can be constitutionally revoked or suspended for any cause having to do with public safety." (Punctuation omitted.) Id.

"Double jeopardy protects against three types of abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." Id. at 820, citing *North Carolina v. Pearce*, 395 U. S. 711, 717 (89 SC 2072, 23 LE2d 656) (1969). See also *Moser v. Richmond County Bd. of Commrs.*, 263 Ga. 63 (428 SE2d 71) (1993). As we have previously held that the suspension of a driver's license is not a punishment implicating double jeopardy concerns, Thompson's argument that the fee he voluntarily paid to have his driving privileges reinstated constitutes such punishment is somewhat weakened.

Thompson cites *State v. Logan*, 663 NE2d 425 (Ohio Co. Ct. 1995), in which an Ohio county court determined that the $250 fee charged by the Bureau of Motor Vehicles to have a driver's license reinstated was punishment for purposes of double jeopardy. Therein, without citation to authority, the court stated that it had "previously held that the $250 reinstatement fee charged . . . has no rational relationship whatsoever to the remedial aspects of the implied consent statute. Thus, this court has already ruled that the $250 reinstatement fee is a punishment and any requirement to pay the $250 by the Bureau of Motor Vehicles is unconstitutional and violates the Double Jeopardy Clauses." *Logan*, 663 NE2d at 429. We are neither bound by an Ohio county court's interpretation of an Ohio statute,

nor are we persuaded by the Ohio court's cursory treatment of this issue.

Thompson further relies upon the analysis in *S. A. Healy Co. v. Occupational Safety &c. Comm.*, 96 F3d 906 (7th Cir. 1996) wherein the court determined that the assessment of an administrative penalty in a civil case after criminal fines were imposed for the same safety violations was a second punishment forbidden by the double jeopardy clause. However, the civil penalties addressed therein are substantially different from a fee voluntarily paid to obtain a privilege. S. A. Healy Company was required to pay the civil penalties assessed against it or face more serious penalties and fines. In the present case, however, Thompson was not required to pay the reinstatement fee. No state, civil, or administrative action would be taken against Thompson if he chose not to reinstate his driving privileges. Therefore, we find that *S. A. Healy* does not support Thompson's position.

For similar reasons, we also find that neither *United States v. Halper*, 490 U. S. 435 (109 SC 1892, 104 LE2d 487) (1989) nor *Dept. of Revenue of Montana v. Kurth Ranch*, 511 U. S. 767 (114 SC 1937, 128 LE2d 767) (1994) is controlling in the instant case. In *Halper*, the United States Supreme Court determined that the imposition of a civil penalty which bore no rational relation to the government's loss violated double jeopardy after a criminal conviction for the same act. The Supreme Court held that, for purposes of double jeopardy, a civil sanction may constitute punishment if it can only be described as punitive. Id. In *Kurth Ranch*, the Supreme Court determined that the assessment of a tax on possession and storage of dangerous drugs, in a proceeding separate from the criminal prosecution on drug charges violated the Fifth Amendment's double jeopardy clause. Unlike the present case, however, in both *Halper* and *Kurth Ranch*, the defendants were required to pay the penalty or tax or face the imposition of more severe penalties.

The State clearly had the authority to revoke Thompson's driving privileges as a remedial measure, without implication of his Fifth Amendment rights. See *Nolen*, supra. Therefore, it follows that the State can revoke such privileges subject to his ability to reinstate same upon certain conditions. We are not dealing with a civil sanction. Thompson's actions in reinstating his driver's license were purely voluntary; therefore, Thompson's payment of the fee to restore his driving privileges cannot be seen as any punishment inflicted upon him by the State. The trial court did not err in denying Thompson's plea in bar based upon double jeopardy.

*Judgment affirmed. Andrews, C. J., McMurray, P. J., Birdsong, P. J., Pope, P. J., Beasley, Johnson, Smith, Ruffin and Eldridge, JJ., concur.*

DECIDED NOVEMBER 24, 1997 — 

*Robert W. Chestney*, for appellant.
*Ralph T. Bowden, Jr., Solicitor, W. Cliff Howard, Eleanor L. Barnwell, Assistant Solicitors*, for appellee.