### A97A1512. MORGAN v. THE STATE.
(495 SE2d 138)

RUFFIN, Judge.

Bartow Morgan was arrested for, inter alia, driving under the influence of alcohol. A subsequent breath test indicated Morgan had an alcohol concentration of greater than .10 grams. The State charged Morgan with criminal violations stemming from his conduct, and the Department of Public Safety ("the Department") suspended his driver's license pursuant to OCGA §§ 40-5-67.1 and 40-5-67.2. The Department later reinstated Morgan's license after he (1) submitted proof that he completed a DUI alcohol or drug use risk reduction program and (2) paid a $200 restoration fee. See OCGA § 40-5-67.2 (a) (1). Morgan's criminal charges for driving under the influence remained pending, however, and he filed a plea of former jeopardy with the trial court. The trial court denied Morgan's plea, and he appealed. We affirm.

Morgan argues that the $200 license restoration fee constituted punishment for the same offense for which he is now being criminally prosecuted. According to Morgan, the State's attempt to punish him twice for the same offense is a violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Art. I, Sec. I, Par. XVIII of the Georgia Constitution of 1983.

We recently rejected this same argument in *Thompson v. State*, 229 Ga. App. 526 (___ SE2d ___) (1997). For the reasons stated in *Thompson*, we conclude that Morgan's payment of the restoration fee did not constitute punishment. Thus, we find no error in the trial court's denial of Morgan's plea.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED DECEMBER 16, 1997 —

*Robert W. Chestney*, for appellant.
*Kenneth W. Mauldin, Solicitor, Ruth M. Bebko, Assistant Solicitor*, for appellee.