## A99A1193. McKINNEY v. THE STATE.
### (525 SE2d 395)

SMITH, Judge.

William Connors McKinney appeals from the order of the Gwinnett County Superior Court revoking the probation to which he was sentenced under the First Offender Act. In his enumeration of errors he raises issues involving double jeopardy and violation of the First Offender Act in sentencing. We find no implication here of double jeopardy principles and no error in the length of the sentence. Because we cannot discern from the record whether the trial court granted McKinney credit for the time he served on probation, we affirm the judgment but vacate McKinney's sentence and remand the case to allow the trial court to resentence McKinney if he in fact was not credited with time served on probation.

The record shows that after a negotiated plea of guilty to a burglary charge, McKinney was sentenced in 1995 under the First Offender Act, OCGA § 42-8-60, to five years probation, with 90-120 days of that term to be served in a probation boot camp. McKinney also was required to pay a $1,000 fine in addition to restitution. He was held in custody in the county jail while awaiting placement in boot camp. Because McKinney could not meet the medical eligibility requirements for placement in boot camp, his sentence was amended to allow him to serve 90-120 days at a probation detention center followed by intensive supervision. While at the detention center, McKinney violated the conditions of his probation. He signed a waiver of revocation hearing, and 60-120 days of his probation were revoked. But the trial court left McKinney's first offender status intact.

McKinney then completed the incarceration portion of his sentence and the program of intensive supervision, as ordered. In December 1997, after McKinney pled guilty in DeKalb County to the offenses of DUI and failure to maintain lane, his probation officer petitioned the Gwinnett County Superior Court for an adjudication of guilt and imposition of sentence, alleging McKinney had violated the conditions of his probation. The court did not enter an adjudication of guilt but revoked a portion of McKinney's probation, requiring

him to serve six months in the Gwinnett County Correctional Institution. Again his first offender status remained intact.

In May 1998, the Georgia Bureau of Investigation's Georgia Crime Information Center notified the Gwinnett County Superior Court that in accordance with OCGA § 42-8-65 (b), McKinney's record had been changed from first offender treatment to a conviction on the original offense of burglary because McKinney had been arrested and convicted of another crime while on probation as a first offender.

In October 1998, McKinney was again charged with violating his probation for committing the offense of DUI and other traffic offenses in DeKalb County, as well as being in arrears on payments toward his fines and fees. After a hearing, McKinney was adjudicated guilty and sentenced to six years, with the first two years in confinement in the state penal system and the remaining time to be served on probation. He was ordered to serve this sentence in addition to time previously served on probation. The probation portion of the new sentence included the new conditions that he pay the balance of fines and restitution within 30 days of release from confinement and that he submit to a mental health evaluation and treatment.

1. McKinney first contends that the GCIC's modification of his record by administrative action under the authority of OCGA § 42-8-65 (b) was an "adjudication" and punishment that placed him in jeopardy. He argues that because the GCIC "stripped him of his first offender status and publicly announced the imposition of a conviction against him," the later adjudication of guilt by the Gwinnett County Superior Court constituted a violation of double jeopardy principles. We do not agree.

The GCIC's action was not an adjudication. "[A] defendant is not placed in jeopardy until, in a court of competent jurisdiction with a sufficient indictment, he has been arraigned, has pled, and a jury has been impaneled and sworn. [Cit.]" *Fletcher v. State*, 213 Ga. App. 401, 404 (2) (445 SE2d 279) (1994). Only a court that imposed first offender probation has authority to revoke that status; it is the only legal authority that can formally adjudicate the offender. See 1980 Op. Atty. Gen. No. 80-79 (first offender probation may be revoked only by judicial circuit imposing sentence).

Neither was the GCIC's action a punishment for purposes of double jeopardy. The United States Supreme Court has held that "a civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment, as we have come to understand the term. [Cit.]" *United States v. Halper*, 490 U. S. 435, 448 (109 SC 1892, 104 LE2d 487) (1989). But this does not necessarily mean that a civil sanction incidentally serving a punishment

purpose constitutes punishment for purposes of double jeopardy. *Nolen v. State*, 218 Ga. App. 819, 821 (463 SE2d 504) (1995). A civil sanction may constitute punishment if its only purpose is punitive or if it does not bear a rational relation to a nonpunitive purpose. *Thompson v. State*, 229 Ga. App. 526, 528 (494 SE2d 306) (1997).

In *Moser v. Richmond County Bd. of Commrs.*, 263 Ga. 63 (428 SE2d 71) (1993), the Supreme Court of Georgia held that a statute designed primarily to serve remedial purposes but also having an incidental punitive effect does not result in punishment for double jeopardy purposes. Id. at 64. It is apparent that the purpose of OCGA § 42-8-65 (b) is not to punish the offender but to maintain an accurate statewide record of offenders for a variety of reasons, including preventing courts from inadvertently offering first offender status to those who are not first offenders within the meaning of OCGA § 42-8-60.

Being listed in GCIC records as a first offender is a privilege. Like the administrative suspension of a driver's license, GCIC's modification of its records is merely "the revocation of a privilege voluntarily granted, a traditional attribute of a remedial action." (Citations and punctuation omitted.) *Nolen*, supra at 822. It does not constitute punishment for purposes of double jeopardy analysis. See also *Pennyman v. State*, 222 Ga. App. 779 (476 SE2d 71) (1996) (termination from police department not punishment for purposes of double jeopardy); *Clark v. State*, 220 Ga. App. 251 (469 SE2d 250) (1996) (high school suspension after arrest for armed robbery not punishment for double jeopardy purposes). Because the GCIC's action was neither an adjudication nor a punishment, the trial court's later adjudication of guilt did not offend double jeopardy principles.

2. McKinney contends the trial court erred by imposing a sentence longer than his original sentence. Under OCGA § 42-8-60, two options exist in first offender sentencing. Under OCGA § 42-8-60 (a) (1), without entering a judgment of guilty, the court may defer further proceedings and place the offender on probation as provided by law. Under subsection (a) (2), again without entering a judgment of guilty, the court may sentence the offender to a term of confinement, also as provided by law. If the first option is used in sentencing, it is clear that the defendant may then be given the maximum sentence for that offense. *Tallant v. State*, 187 Ga. App. 138, 139 (369 SE2d 789) (1988). McKinney argues that he was sentenced under the second option and that under the holding in *Tallant*, when he was adjudicated guilty of burglary and his probation was revoked, he could be sentenced to serve only the remainder of the original sentence. We need not address the possible effect of sentencing under subsection (a) (2), because McKinney in fact was sentenced under subsection (a) (1).

McKinney's sentence was a five-year sentence of probation, with the requirement that 90-120 days be served in a probation boot camp, later modified to a probation detention center. A trial court has broad discretion to decide the terms and conditions of probation. OCGA § 42-8-35.1 provides for confinement in probation boot camp as a condition of probation. And in *Penaherrera v. State*, 211 Ga. App. 162 (438 SE2d 661) (1993), this court held that a trial court has the discretion to condition probation upon limited confinement in a detention or diversion center or in the defendant's own home. Such limited confinement does not constitute incarceration, which "refers to continuous and uninterrupted custody in a jail or penitentiary. [Cit.]" Id. at 163.[1] It therefore is the nature of the facility, as well as the length of the term, that determines whether the sentence is permissible. This distinguishes *Pitts v. State*, 206 Ga. App. 635 (426 SE2d 257) (1992), relied upon by McKinney, from this case. In *Pitts*, the defendant was sentenced to serve 48 months in a county correctional institution as a condition of probation. Id. at 637 (3). We held that this sentence was not within the limits fixed by law.

> [T]he trial court can, in accordance with law, sentence appellant to a fully probated sentence upon such conditions as it is authorized to impose, including either confinement in a local jail for *intermittent* periods, such as weekends, or limited confinement, other than in a jail or penitentiary, for a *continuous* period. However, the trial court will not be authorized to make a term of continuous and uninterrupted incarceration in a jail or penitentiary a condition of that probation.

Id. at 639.

Because McKinney was originally sentenced under OCGA § 42-8-60 (a) (1), when his probation was revoked, the trial court could have sentenced him to the maximum penalty for burglary, which is 20 years for a first offense. OCGA § 16-7-1 (a). The trial court sentenced him to six years, which was entirely permissible.

3. The trial court's order, however, provides: "This sentence is in addition to any time previously served on probation." "[W]hen a probationer is sentenced to serve time in a penal institution for the offense for which he has spent time on probation, that probation time

---

[1] We note that the time McKinney spent initially in the Gwinnett County Correctional Institution awaiting a place in special alternative incarceration was not part of his sentence and does not qualify as "incarceration." *Penaherrera*, supra at 164 (1). Compare *Jones v. State*, 224 Ga. App. 340, 341 (1) (480 SE2d 618) (1997) (sentence may not provide that defendant be confined in jail until reporting to boot camp).

must be credited to any sentence received, including cases involving first offender probation." *Stephens v. State*, 245 Ga. 835, 837 (268 SE2d 330) (1980).

OCGA § 42-8-60 (b) provides that when a first offender violates probation or is convicted for another crime during the probationary period, "the court may enter an adjudication of guilt and proceed as otherwise provided by law." The law requires that McKinney receive credit for time served on probation. OCGA § 42-8-38 (c). The State recommended that McKinney be sentenced to eight years, with two to serve. The trial court sentenced McKinney to six years, with two to serve, and noted that it was "in addition to any time previously served on probation." We cannot tell from the record whether the trial court actually gave McKinney credit for the time he served on probation. *Franklin v. State*, 236 Ga. App. 401, 402 (1) (512 SE2d 304) (1999). We therefore remand this case to the trial court. Upon remand, the trial court is directed to ensure that whatever sentence is imposed, McKinney receives credit for the time he served on probation.

*Judgment affirmed. Sentence vacated and case remanded with direction. Pope, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 16, 1999.

*Stephen D. Pereira*, for appellant.

*Daniel J. Porter, District Attorney, R. Keith Miles, Assistant District Attorney*, for appellee.