## A02A2053. SIMILE v. THE STATE.
(576 SE2d 83)

ANDREWS, Presiding Judge.

Craig Burton Simile appeals from the trial court's denial of his plea of former jeopardy in his DUI prosecution, based upon the imposition by the Georgia Institute of Technology (Georgia Tech) of administrative penalties arising from the same conduct.

On August 20, 1999, a week before classes began, at approximately 3:30 a.m., Officer Hayes of the Georgia Tech Police Department saw a car laying drag in the parking lot of the Physics Building. She pulled the car over and, upon approaching Simile, the driver, noticed a strong odor of alcohol, slurred speech, and bloodshot eyes and that his clothing was in disarray. Asked how much he had had to drink, Simile said "enough not to be able to drive." Although Simile refused to participate in field testing, Officer Hayes conducted an Alco-sensor test, which was positive for alcohol, and then placed him under arrest. An Intoxilyzer 5000 breath test was conducted at 4:12 a.m., and Simile registered 0.160.

In January 2000, Simile was charged by Georgia Tech with violating the Institute's Alcohol and Drug Policy and Student Conduct Code by "endangering the person of any member of the faculty, administration, staff, or student body, or any visitor to the campus (while under the influence of alcohol)."

Simile was placed on Disciplinary Probation by Georgia Tech's Senior Associate Dean of Students through Spring Semester 2000. Any major disciplinary violation during that period could have resulted in Simile's suspension or expulsion from school. He was also required to attend an alcohol awareness program, prohibited from participation in extracurricular activities, and ordered to pay a $100 fine to Georgia Tech. Had he not paid the fine by February 1, he could not have registered for spring classes. Simile acknowledged that he voluntarily agreed to suspension of his university privileges and paid the fine as part of an administrative resolution of the issue, rather than exercise his right to a hearing before a student jury or other forms of probation.

The accusations charging DUI and laying drag were filed by the State on March 29, 2000, in response to which Simile filed his plea of former jeopardy based on Georgia Tech's actions. Simile contends

that the trial court erred in denying this plea because the actions of Georgia Tech were punitive rather than remedial.[1]

"The appellate standard of review of a grant or denial of a double jeopardy plea in bar is whether, after reviewing the trial court's oral and written rulings as a whole, the trial court's findings support its conclusion." (Citation and punctuation omitted.) *Wilson v. State*, 229 Ga. App. 455 (494 SE2d 267) (1997).

Simile acknowledges the applicability of *Nolen v. State*, 218 Ga. App. 819 (463 SE2d 504) (1995), in resolving this issue, but attempts unsuccessfully to differentiate his situation from that in *Nolen.* That case involved claims by Nolen and Moore that an administrative driver's license suspension barred a subsequent criminal prosecution on DUI charges as, respectively, multiple prosecutions and multiple punishments for the same conduct. As stated in *Nolen,*

> the decision in *Halper* does not mandate that a civil sanction that incidentally serves a punishment purpose constitutes punishment for double jeopardy purposes. As the Supreme Court acknowledged in *Halper*, supra, from the defendant's perspective "even remedial sanctions carry the sting of punishment." [Cit.] "This(, however,) is not to say that whether a sanction constitutes punishment must be determined from the defendant's perspective." [Cit.]

*Nolen*, supra at 821.

Like the privilege to drive in *Nolen*, Simile's situation deals with a privilege — the opportunity of obtaining a post-secondary education which is granted by the institutions of higher learning in this State to those deemed qualified. See *McKinney v. State*, 240 Ga. App. 812, 814 (1) (525 SE2d 395) (1999) (being listed as a first offender in Georgia Crime Information Center records is a privilege, suspension of which is not punishment); *McGraw v. State*, 230 Ga. App. 843, 844 (2) (b) (498 SE2d 314) (1998) (license to drive grants privilege, suspension of which is not punishment); *Thompson v. State*, 229 Ga. App. 526, 528 (494 SE2d 306) (1997) (requiring payment of an administrative reinstatement fee after suspension of driver's license not punitive).

Simile's situation is also similar to that in *Clark v. State*, 220 Ga. App. 251, 252 (469 SE2d 250) (1996). There, a high school student

---

[1] An administrative sanction may constitute punishment for double jeopardy purposes if the purpose of the sanction is not remedial but instead serves the goals of retribution or deterrence. *Dept. of Revenue of Montana v. Kurth Ranch*, 511 U. S. 767 (114 SC 1937, 128 LE2d 767) (1994); *United States v. Halper*, 490 U. S. 435 (109 SC 1892, 104 LE2d 487) (1989).

was suspended from school for ten days following his confession to participation in an armed robbery of a convenience store. Clark contended that this was punishment constituting a bar to his subsequent criminal prosecution. This Court concluded that the primary purpose of the suspension was the protection of the safety and welfare of other students and faculty from a dangerous student.

Similarly here, the actions taken by Georgia Tech to attempt to correct drunken on-campus behavior of Simile in order to protect others is not punitive but remedial and does not violate double jeopardy. *McKinney*, supra; *McGraw*, supra; *Thompson*, supra; *Nolen*, supra.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JANUARY 9, 2003.

*Chestney-Hawkins Law Firm, Robert W. Chestney, Jeffrey M. Gore*, for appellant.

*Carmen D. Smith, Solicitor-General, Jody L. Peskin, Anthony M. McGee, Assistant Solicitors-General*, for appellee.